IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Melvina Jones-Lynch, | ) | C/A No. 5:18-cv-2668-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Andrew Saul, Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On November 5, 2019, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 18. On November 19, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on November 29, 2019. ECF Nos. 20, 22. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

On March 25, 2015, Plaintiff applied for DIB alleging a disability onset date of August 15, 2013. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 16, 2017. The ALJ denied Plaintiff's application in a decision issued January

19, 2018. The Appeals Council denied Plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Defendant objects, contending the case should be remanded for consideration of new evidence submitted to the Appeals Council. ECF No. 20. On March 13, 2018, after the ALJ issued his decision, the Appeals Council notified Plaintiff's council that it granted Plaintiff's request for an extension and indicated that Plaintiff could submit "a statement about the facts and the law in this case or additional evidence." Tr. 17. The Appeals Council cautioned, however, that it would only "consider additional evidence that [Plaintiff] show[s] is new, material, and relates to the period on or before the date of the hearing decision." *Id.* Counsel was instructed that Plaintiff "must also show there is a reasonable probability that the additional evidence would change the outcome of the decision" and "good cause for why [Plaintiff] missed informing [the Commissioner] about or submitting it earlier." *Id.*

In response, Plaintiff submitted test results from an April 6, 2018 nerve conduction and EMG study performed by Carolina Neuropathy Center. Tr. 8–16. The records noted that Plaintiff "complains of constant moderate cervical pain and radiation into the bilateral upper extremities" and "constant lumbar spinal pain with radiation into the bilateral lower extremities." Tr. 8. The records also noted "bilateral paresthesias in the hands and into the bilateral feet," "burning and coldness in [Plaintiff's] bilateral feet," "difficulty grasping objects and lifting objects with her arms and hands," "bilateral leg weakness," "difficulty

walking, standing, and sleeping," and "a history of hypothyroidism." Tr. 8. The test results indicated: (1) "[m]ild to moderate bilateral median sensory neuropathy in the region of the bilateral hands and wrists"; (2) [m]oderate bilateral tibial motor neuropathy that is suggestive of a bilateral Tarsal Tunnel Syndrome"; and (3) "[m]ild to moderate sensory polyneuropathy that is axonal in nature, of the nerves of the bilateral feet."

On August 31, 2018, the Appeals Council issued a Notice of Appeals Council Action, which denied Plaintiff's request for review. Tr. 1–6. The Appeals Council noted: "[Plaintiff] submitted [m]edical records from Carolina Neuropathy Center, dated April 6, 2018 (9 pages). The Administrative Law Judge decided [Plaintiff's] case through January 19, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether [Plaintiff was] disabled beginning on or before January 19, 2018." Tr. 2.

The Magistrate Judge found that the "ALJ did not find there was a lack of objective evidence or that the objective evidence did not offer some support for Plaintiff's allegations—he stated that the objective evidence failed to provide 'strong support' for the allegations." ECF No. 18 at 18 (citing Tr. 33). Furthermore, the Magistrate Judge noted that "even if the April 2018 evidence did relate back to the relevant period, Plaintiff has not shown there is a reasonable probability that it would have changed the outcome of the ALJ's decision" because Plaintiff "provides no evidence of any additional functional limitations related to the diagnosis that the ALJ did not already consider and incorporate into his RFC assessment." *Id.* Indeed, "the ALJ considered Plaintiff's complaints of difficulty grasping objects, leg weakness, and difficulties with walking, standing, and

sleeping—the functions [Plaintiff] complained about in the April 2018 report—when formulating his RFC assessment." *Id.* (citation omitted).

Defendant properly notes that the Appeals Council must consider whether newly submitted evidence caused an inference of linkage to the relevant period. However, Plaintiff has the burden of proving that "there is a reasonable probability that the additional evidence would change the outcome of the decision." Tr. 17. Here, the Court concludes that, even if the newly submitted evidence relates back to the relevant period, it would not have a reasonable probability of changing the outcome of the decision. The nerve conduction results and EMG only give a reason for Plaintiff's earlier symptoms. They do not enhance or magnify the complaints that were already considered—and factored into the residual functional capacity—by the ALJ. Accordingly, the Court overrules Plaintiff's objections and adopts the Report and incorporates it by reference herein.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 31, 2020
Spartanburg, South Carolina